# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DALE ANDERSON,<br><br>*Plaintiff,*<br>v.<br><br>MERCK & CO., INC., MERCK SHARP & DOHME CORP., AND MCKESSON CORP.<br><br>*Defendant,* | Civil Action No.: 3:18-cv-15844 (PGS)<br><br>MEMORANDUM |

**SHERIDAN, U.S.D.J.**

This matter is before the Court on a motion to remand. Since the same application is pending in another 103 cases that are based on similar facts and on one recent Third Circuit opinion (*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)), the parties have agreed and stipulated that this decision applies to the other 103 cases. In addition, these actions are subject to an application before the United States Judicial Panel on Multidistrict Litigation (MDL Panel) to transfer and centralize the cases before the Eastern District of Pennsylvania.

I.

The procedural history is brief, and germane to the motion to remand. More importantly, the parties have agreed to same.

This suit was filed on October 4, 2018. The remaining 103 cases were filed between July 2018 and mid-October 2018.

Plaintiff did not personally serve Defendant Merck in this case prior to removal. Moreover, the parties concur that personal service was never made on Defendants Merck or McKesson in any

1

of the other 103 cases.

Plaintiff contends that the personal service was delayed because Plaintiff had not been assigned a Tracking Assignment Number ("TAN") from the Clerk of the Superior Court of New Jersey, which is necessary before personal service may occur[1].

On November 8, 2018, Merck removed this case to federal court as well as the other 103 cases. Within the notice of removal (ECF No. 1), Merck relies upon *Encompass Ins. Co.*, noting that Merck is a resident of the State of New Jersey, but that the forum defendant rule does not apply because it was never served. *Id.* at page 2. In addition, Merck asserts that Plaintiff's alleged damages exceed $75,000. *Id.* at ¶ 20.

On or about November 28, 2018, Plaintiff filed the motion to remand in this case (ECF No. 3), and in the other 103 cases shortly thereafter.

In early December, 2018, Merck sought a stay of all removed cases pending transfer to the Eastern District of Pennsylvania by the Multidistrict Litigation Panel (ECF No. 5). That application was denied (ECF No 14).

On January 7, 2018, oral argument on the motion was heard.

## II.

Generally, a federal court has subject matter jurisdiction if there is diversity of citizenship and the damages exceed $75,000. A statutory exception occurs when the forum defendant rule applies. 28 U.S.C. § 1441(b)(2). Recently, in *Encompass Ins. Co.*, the Third Circuit reviewed and limited the said rule. The forum defendant rule "provides that [a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly <u>joined and served</u> as defendants is a citizen of the State in which such action

---

[1] Merck disagrees with Plaintiff's argument about the TAN because certain provisions of the New Jersey Court Rules indicate otherwise.

2

is brought." *Encompass Ins. Co.*, 902 F.3d at 152 (emphasis added); *see also* 28 U.S.C. § 1441(b)(2).

In *Encompass Ins. Co.*, the Third Circuit resolved a split among the courts in this district regarding the application of the forum defendant rule to pre-service removal. The Third Circuit permitted the removal based on 28 U.S.C. § 1441 (b), which provides "[a] civil action otherwise removable solely on the basis of [diversity] . . . may not be removed if any of the properties in interest properly joined and served as defendants is a citizens of the State in which such action is brought." Relying on the language of the statute, the Court explained that "the language of the forum defendant rule in Section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship <u>only</u> when the defendant has been properly joined <u>and</u> served." *Id.* at 152 (emphasis added).

The court construed the words "joined and served" to permit removal prior to service, because such removal was proper since: "(1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary." *Id.* at 153. Moreover, the Third Circuit envisioned the facts of this case, and noted while permitting removal "may be peculiar in that it allows [defendants] to use pre-service machinations to remove a case that it otherwise could not . . . the outcome is not so outlandish as to constitute an absurd or bizarre result." *Encompass*, 902 F.3d at 153-54. The court noted:

> We are aware of the concern that technological advances since enactment of the forum defendant rule now permit litigants to monitor dockets electronically, potentially giving defendants an advantage in a race-to-the-courthouse removal scenario . . . If a significant number of potential defendants (1) electronically monitor dockets; (2) possess the ability to quickly determine

3

> whether to remove the matter before a would-be state court plaintiff can serve process; and (3) remove the matter contrary to Congress' intent, the legislature is well-suited to address the issue." *Id.* at 153 n.4. The Court concluded, "[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law; however, if such change is required, it is Congress — not the Judiciary — that must act.

*Id.* at 154.

In an attempt to distinguish *Encompass Ins. Co.* from this case, Plaintiff has asserted several arguments. Initially, Plaintiff argues *Encompass Ins. Co.* should be narrowly limited to the facts of that case, and there is a major factual distinction in that the *Encompass Ins. Co.* defendant agreed to waive formal service of the complaint, and here, there was no such agreement. Although the factual difference is true, it is not a distinction that bolster's Plaintiff's argument. Whereas the Third Circuit noted the defendant's actions as "unsavory", it found that pre-service removal could occur prior to service. *Id.* Here, there is no such unsavory action by Merck. Secondly, Plaintiff asserts that to allow removal because Merck had not been formally served obviates the underlying statutory intent of the forum defendant rule. This argument may have some merit, but the Third Circuit clearly held that forum defendants may seek removal prior to service. *Id.* at 152-54. Lastly, Plaintiff argues that since personal service was not effectuated on Merck because Plaintiff had not received a TAN from the Superior Court, the motion should not be denied because Plaintiff did not commit any dilatory act which would warrant removal. This argument has some merit, but the Third Circuit recognized that these types of results could occur, and it is Congress' function to amend the statute. *Id.* at 154.

As noted, Plaintiff's arguments are without merit. The Third Circuit's decision in *Encompass Ins. Co.* is precedential, and thus binding on this Court. *See* 3d Cir. I.O.P. 5.7, 9.1.

Accordingly, Defendants removal of this action prior to being served was proper. For these reasons, Plaintiff's motion to remand is DENIED.

1/10/19

_____
PETER G. SHERIDAN, U.S.D.J.